THE STATE v. NATHAN MAHAN.

Where the name on the jury book was James Langford, and the name on the list of grand jurors was James Lankford, it was held that the variance was immaterial.

That the name of one of the grand jurors who returned the indictment, was not on the jury book kept by the Clerk of the County Court, is not pleadable in abatement.

Appeal from Nacogdoches. The defendant pleaded in abatement to an indictment, preferred against him, that the name of James Lankford, one of the grand jurors who found the bill, was not on the jury book kept by the Clerk of the County Court. And it appearing that the name of the juror was written James Langford on the jury book, the Court sustained the plea and quashed the indictment.

*Attorney General*, for appellant. The names are *idem sonans*, and must in this sort of case, where they *prima facie* appear to designate the same man, be taken to do so, until the contrary is shown by the impeaching party. The difference is merely a literal one, without changing the sound, and if the County Courts, Clerks of the two Courts, and all the other officers who write the names of jurors in the complicated process by which they are selected and sent up to the District Courts, were required to spell them alike, and as the jurors themselves spell them, no single grand jury could ever be obtained.

The State v. Mahan.

WHEELER, J. It has been held that an indorsement by the foreman of the grand jury, of the initial letter of his first name, where the record of his appointment states his name at length, is not a material variance. (Wharton's Am. Cr. Law, 128, n. (1.) Much less should it be held a fatal variance in this case, that there is a mere misspelling of the name of a juror, which does not materially change the sound ; and when there is no question as to the identity of the person, and when too, it is manifest that it was a mere clerical mistake which might have been, and if it had been material, ought to have been amended by the record. If prosecutions were liable to be defeated on such grounds as this, it would be idle to expect an effectual administration of the criminal law. But this case is disposed of by our opinion in the case of Vanhook v. The State (*supra.*) Though the name had not been entered upon the jury book kept by the Clerk of the County Court, the omission was not pleadable in abatement.

The judgment is reversed and the case remanded for further proceedings.

Reversed and remanded.